# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ELBERT KIRBY, JR., and** | ) | |
| **KAY KIRBY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CV-0224-CVE-FHM** |
| | ) | |
| **RANA MONTGOMERY, LEGACY ROOFING** | ) | |
| **& CONSTRUCTION, LLC, and** | ) | |
| **MARTIN TYLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court are plaintiffs Elbert Kirby, Jr. and Kay Kirby's complaint (Dkt. # 2), and motion for leave to proceed in forma pauperis (Dkt. # 3).

The Court addresses plaintiffs' complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In addition, 28 U.S.C. § 1915(e)(2)(B)(ii) directs the Court to dismiss a case if, at any time, it determines that the action fails to state a claim on which relief may be granted. Isham v. United States, 717 Fed. App'x 770, 772 (10th Cir. 2017).[1]

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

In this case, plaintiffs are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). With respect to subject-matter jurisdiction, defendants do not allege any facts to suggest that the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332(a). Instead, the Court considers whether the complaint states any basis for the Court to exercise federal question jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331.

Plaintiffs purport to file their complaint "under authority of 18 U.S.C. § 1028A and 21 OK Stat § 21-1533.1," and list thirteen causes of action.[2] Dkt. # 2, at 1-6. The first, second, and third causes of action allege state law claims only, and, therefore, do not confer federal question jurisdiction. Id. at 1-2. The fourth, fifth, sixth, seventh, ninth, tenth, and eleventh causes of action cite to "15 U.S.C. § 1028"; the eighth and thirteenth causes of action cite to "the Act," i.e., 18 U.S.C. § 1028A; and the fourteenth cause of action cites to 18 U.S.C. § 1028. Id. at 3-6. Finally, although not clearly identified as pertaining to a specific cause of action, the complaint also cites to various sections of the Fair Debt Collections Practices Act (FDCPA),[3] 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692a(6), and 1692(a)(k). Id. at 6-7.

---

[2]     Each cause of action is labeled according to its corresponding paragraph number. The complaint does not contain a paragraph number 12; rather, the paragraphs skip from paragraph 11 to paragraph 13. Accordingly, the causes of action also skip from "Eleventh Cause of Action" to "Thirteenth Cause of Action." The Court will refer to the causes of action according to the labels used in the complaint.

[3]     The heading of plaintiffs' complaint refers to the Fair Credit Reporting Act (FCRA); however, plaintiffs do not cite or refer to any provisions of the FCRA in the complaint. Instead, the complaint references portions of the FDCPA. Therefore, the Court assumes that plaintiffs intended to refer to the FDCPA, not the FCRA, in the heading of the complaint.

To the extent plaintiffs cite to 15 U.S.C. § 1028, the Court assumes that plaintiffs intended to cite to 18 U.S.C. § 1028 instead, because 15 U.S.C. § 1028 does not exist.  Nonetheless, plaintiffs' citations to 18 U.S.C. §§ 1028 and 1028A fail to confer federal question jurisdiction, because those are criminal statutes that do not provide for a private right of action and, thus, are not enforceable through a civil action.  See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).  The sole federal statute cited in the complaint pursuant to which the Court might have federal question jurisdiction is the FDCPA.  However, even assuming that plaintiffs' reference to the FDCPA confers federal question jurisdiction, the Court finds that dismissal of the complaint is nonetheless warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The sua sponte dismissal of a pro se complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997).  The FDCPA is a federal statute that provides consumers with a private right of action to sue debt collectors, as that term is defined in 15 U.S.C. § 1692a(6).[4]  Plaintiffs have not alleged that "the principal purpose" of defendants' business "is the collection of . . . debts" or that they "regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due . . . ."  Accordingly, plaintiffs have not alleged, nor can they allege, that defendants are debt collectors to whom the FDCPA applies.  Rather, as plaintiffs make clear, the principal purpose of defendants' business is to provide roof construction or replacement services.

---

[4]      "The term 'debt collector' means any persons who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Dkt. # 2, at 1-2.  In fact, plaintiffs hired defendants as contractors to repair the roof of their home.  Id. at 2, 7.  Moreover, to the extent plaintiffs allege that defendants took their money without their consent, such actions do not constitute the collection of a debt under the FDCPA.  Tatten v. City & Cty. of Denver, 730 Fed. App'x 620, 627 (10th Cir. 2018).  Accordingly, even construing plaintiffs' complaint liberally and accepting the allegations therein as true, it is clear that plaintiffs cannot prevail on a claim under the FDCPA, and that permitting them an opportunity to amend the complaint would be futile.  Therefore, the Court finds that plaintiffs' claims under the FDCPA should be dismissed for failure to state a claim on which relief may be granted.

Having determined that plaintiffs' claims under the FDCPA should be dismissed, the Court does not have any basis for exercising federal subject-matter jurisdiction over plaintiffs' remaining claims.  Accordingly, the Court finds that the complaint should be dismissed for lack of subject-matter jurisdiction.  As a result, the Court also finds that plaintiffs' motion for leave to proceed in forma pauperis should be deemed as moot.

**IT IS THEREFORE ORDERED** that, to the extent plaintiffs allege claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., such claims are **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiffs' complaint (Dkt. # 2) is **dismissed** for lack of subject-matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to proceed in forma pauperis (Dkt. # 3) is hereby **moot**.

**DATED** this 1st day of May, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE